IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELLEY MALTBY, | ) |
| Plaintiff, | ) CASE NO. 2:20-CV-75-WC |
| v. | ) JURY TRIAL REQUESTED |
| ALABAMA MUNICIPAL INSURANCE CORPORATION, | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Kelley Maltby, by and through her undersigned counsel of record, and hereby doth complain and aver against the above-named Defendant, as follows:

### I. JURISDICTION & VENUE

1.  Plaintiff Maltby files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as The Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.), Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, and the Equal Pay Act (29 U.S.C. § 206, et seq.), to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by the Plaintiff, caused by the Defendants' discrimination against Plaintiff.

2.  Plaintiff Maltby filed a charge of discrimination with the EEOC in Birmingham, Alabama on July 17, 2019 and in so doing incorporated and attached her previous charge of discrimination dated July 30, 2018, as primary evidence for her July

1

17, 2019 charge of discrimination. Plaintiff received a right-to-sue on December 6, 2019, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt, or until March 6, 2020. (Exhibit A).

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II. PARTIES

4. The named Plaintiff, Kelley Maltby (hereinafter "Plaintiff" or "Ms. Maltby"), is a citizen of the United States and a resident of Wetumpka, Alabama. Plaintiff is over the age of nineteen years.

5. The Defendant, Alabama Municipal Insurance Corporation (hereinafter "Defendant" or "AMIC"), is a mutual insurance company that provides insurance products, loss control, and risk management services for member municipalities of the Alabama League of Municipalities. At all times relevant to this complaint, Plaintiff was employed, and she continued to be employed by Defendant until June 5, 2019.

## III. STATEMENT OF FACTS

6. Ms. Maltby is a fifty (50) year old female. On or about June 2001, Ms. Maltby began working for AMIC as a general administrative clerk, and around June 2002, Ms. Maltby was promoted to account manager in AMIC's sales department.

7. Ms. Maltby soon noticed AMIC was a highly male-dominated office. Mr. Steve Wells, President of AMIC, often bragged about his hunting accomplishments and other male-dominated expeditions. Ms. Maltby began to notice she was not invited to participate in any business trips, including deep-sea fishing and an excursion to Las

2

Vegas, which were trips the men of the office largely and separately enjoyed. Ms. Maltby asked why she was never asked to participate in such trips. The response of AMIC's representatives was that she "would not want to go on this (particular) trip," as though it was funny that she, as a single female, would even think about asking to attend. On the other hand, single male employees were allowed by AMIC to go on such trips.

8. Reflecting a long history and pattern of AMIC insensitivity towards Plaintiff due to her female gender, Mr. Wells informed Plaintiff in 2011 when she adopted a son that she was no longer promotable because she was a mom.

9. Although Mr. Wells was married, he often flirtingly commented on Ms. Maltby's appearance, as well as the appearance of other younger, single female AMIC employees. No such comments were ever made about male employees, and this made Ms. Maltby uncomfortable. As a result, Ms. Maltby began trying to stay "under the radar," due to Mr. Wells' well-known ability to bully and victimize. However, since Ms. Maltby was often out in the field, Mr. Wells directed his attentions more towards other, younger single females in the office.

10. Mr. Wells persistently badgered Ms. Maltby about her love life, wanting to know all of the details about who she was dating. Ms. Maltby often tried to fend Mr. Wells off, and would sometimes give him the name of someone she was dating. Yet this only worsened the situation, causing Mr. Wells to show more interest in Ms. Maltby.

11. In 2016, Mr. Wells outright humiliated Ms. Maltby by telling her she had "flashed her underwear," even though this never occurred. Mr. Wells made this up to harass Ms. Maltby. Many times thereafter, Mr. Wells insulted Ms. Maltby by telling her

3

he did not think Ms. Maltby was wearing any underwear. Other male employees witnessed or heard Mr. Wells' inappropriate comments, and can confirm this.

12. On or about May, 2018 Ms. Maltby made inquiries to Mr. Wells about what kind of future she might have at AMIC. Mr. Wells informed Ms. Maltby that she was not promotable because he, Mr. Wells, was "going to hire a young guy."

13. In May 2018, Ms. Maltby reported Mr. Wells' ongoing behavior to Human Resources. After reporting his behavior, Ms. Maltby's problems with Mr. Wells only increased. Mr. Wells began retaliating against Ms. Maltby for reporting him to Human Resources for sexual discrimination and sexual harassment. Ms. Maltby also raised the issue of age discrimination when Mr. Wells said he wanted to appoint a "young guy" as the sales manager, a prototype Mr. Wells had stated he was looking for.

14. In June 2018, Ms. Maltby was prohibited from attending the City Clerks' Summer Conference, even though she had attended the conference the prior sixteen (16) years. The prohibition appeared to be retaliatory.

15. On July 30, 2018, Ms. Maltby filed a charge of discrimination with the EEOC in Birmingham, Alabama.

16. Shortly thereafter, on or about August 8, 2018, AMIC instructed Ms. Maltby to bring in a check for $398.87 and falsely accused her of using the AMIC Federal Express account for personal reasons, and without prior authorization. Ms. Maltby responded that she had never been required to obtain prior authorization in the past to utilize the Federal Express account. When Mr. Wells issued Ms. Maltby an expense reimbursement, the $398.87 amount was deducted from it, causing Ms. Maltby to lose income.

17.     On or about August 27, 2018, Ms. Maltby was advised by Mr. Chamblee, per Mr. Wells, that her personal meals while on daily travel would no longer be reimbursed by AMIC.  Prior to this date, AMIC reimbursed Ms. Maltby for her meals because she covered the largest geographic territory.  Plaintiff also avers that in the 2001, 2014, and 2018 editions of the AMIC Personnel Policy and Employment Handbook, it clearly states that meals during business travel will be reimbursed.  Moreover, the handbook does not restrict reimbursement for personal meals while traveling.

18.     On October 1, 2018, Mr. Chamblee, advised Ms. Maltby that, per Mr. Wells, she was not approved to attend the Alabama League of Municipalities Leadership Conference in Prattville, Alabama on October 4, 2018.  Ms. Maltby had previously attended said conferences for the past sixteen (16) years.

19.     On or about March 1, 2019, Ms. Maltby received a right-to-sue on her EEOC charge, which gave her the right to pursue her claim in federal court.  Although Ms. Maltby received the right-to-sue, she chose not to file suit because she was lulled into a false sense of security by the fact that no one at AMIC was making any adverse claims towards her.  Further, by not filing suit, Ms. Maltby hoped she could maintain her employment, and further hoped her work environment would improve.  Towards that end in late May 2019, Plaintiff saw AMIC individual board members (Chairman, Mayor Billy Jo Driver; Vice-Chairman, Mayor Melvin Duran; and Board Secretary, Ken Smith) and each reassured Plaintiff that her job was secure.

20.     Thus, duped by the false reassurances, Ms. Maltby allowed her right to sue period to expire on or about June 1, 2019.

21. Almost immediately thereafter, on June 5, 2019, AMIC notified Ms. Maltby by telephone that she was being terminated. Ms. Maltby was given no reason for her termination. It appeared that AMIC had deliberately waited for the 90 day period to expire, so Ms. Maltby couldn't file suit against it, in a blatant act of retaliation against her to teach Ms. Maltby and others how counterproductive it was to file an EEOC charge against it.

22. On the next day, June 6, 2019, Ms. Maltby's attorney, Julian McPhillips, was sent a "separation agreement and general release" by AMIC for Ms. Maltby to sign. Shortly thereafter, Mr. McPhillips received an email from AMIC stating that Ms. Maltby's termination was due to her allegedly "spending unauthorized company money on meals while out-of-town maintaining and soliciting business for AMIC. "

23. Ms. Maltby avers that AMIC's proffered reason for her termination was, and is, pretextual. Ms. Maltby was actually entitled to be reimbursed by AMIC, especially since she was out on the road working for AMIC, either visiting existing customers to firm up continued clientele for AMIC, and/or seeking new business for AMIC.

24. Based on the foregoing, Ms. Maltby avers that her termination was grossly in retaliation for having filed an EEOC charge against AMIC on July 30, 2018. Ms. Maltby further avers that the termination is a continuation of the sex discrimination, sexual harassment, and a renewal of a pervasively cold and hostile work environment, in violation of Title VII (42 U.S.C. § 2000(e)). As a result of the discrimination and retaliation, Ms. Maltby has lost income, suffered mental anguish, and incurred costs and attorney's fees.

25. Plaintiff also avers that AMIC has also admitted on page 4 of its September 6, 2018 Response by its attorney Barbara Wells to the EEOC that "the other male associates do currently make more money than Charging Party (Maltby)", Defendant further attempts to rationalize the disparity by saying it is "utterly unrelated to the Plaintiff's sex", but instead to their experience, in referring to three male employees of AMIC, namely Jim Chamblee, Jay Powell, and Mike Gardner. The truth is that, when these three men were hired, Plaintiff also had ample experience.

26. Plaintiff avers that the continued disparity in pay between her as a female salesperson compared to the three comparable males named above who did the same work was a violation of the Equal Pay Act.

## IV. PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - RETALIATON

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, et seq.), as amended by the 1991 Civil Rights Act.

28. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 23 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

29. Plaintiff avers that he has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff by terminating her employment after she engaged in a statutorily protected activity;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - SEX DISCRIMINATION

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

31. As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her sex, Plaintiff was injured and damaged, as set

forth in paragraphs 1 through 26 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

32. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's sex;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of sex discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the sex discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT THREE – VIOLATION OF THE EQUAL PAY ACT 29 U.S.C. § 206

33. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 above, and specifically paragraphs 25 through 26, the same as if more fully set forth herein.

34. Plaintiff alleges that she was employed by AMIC as a manager.

35. Plaintiff avers that three male employees of AMIC, namely Jim Chamblee, Jay Powell, and Mike Gardner, were employed in the same job classification as she was, but were paid more by AMIC.

36. Plaintiff avers that she not only was doing at least equal work to her male comparators, but that she had additional responsibilities that her male comparators did not have.

37. Plaintiff avers that her male comparators were paid more than her, even though they worked are classified as a manager like Plaintiff, in violation of the Equal Pay Act.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

    a) A judgment declaring that the Defendant has violated the Equal Pay Act by paying male employees, in the same position as Plaintiff, a higher pay;

    b) An award of compensatory damages to which Plaintiff may be entitled;

    c) An award of all court costs and reasonable attorneys' fees; and

d)  Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 3rd day of February, 2020.

Kelley Maltby, Plaintiff

_____
Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

_____
Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321    FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

11