# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KELLEY MALTBY,** | ) |
| | ) |
| **Plaintiff,** | ) CASE NO. 2:20-CV-0075-WC |
| | ) |
| v. | ) **JURY TRIAL REQUESTED** |
| | ) |
| **ALABAMA MUNICIPAL INSURANCE** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Kelley Maltby, by and through her undersigned counsel of record, and hereby doth complain and aver against the above-named Defendant, as follows:

### I. JURISDICTION & VENUE

1.   Ms. Maltby files this Complaint, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 2201, and 2202, as an action arising under the act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, and the Equal Pay Act (29 U.S.C. § 206, et seq.), to obtain equitable relief, the cost of suit, including reasonable attorneys' fees, and awards of back pay and damages suffered by Ms. Maltby, caused by the Defendants' discrimination against her.

2.   Ms. Maltby filed a charge of discrimination with the EEOC in Birmingham, Alabama on June 13, 2019 against AMIC on the basis of retaliation and gender

1

discrimination.  Ms. Maltby received a right-to-sue on December 6, 2019, giving her the right to pursue this claim in federal court for 90 days after said receipt, or until March 6, 2020.  (Doc. 1-1).

3. Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II.  PARTIES

4. The named Plaintiff, Kelley Maltby (hereinafter "Plaintiff" or "Ms. Maltby"), is a citizen of the United States and a resident of Wetumpka, Alabama.  Plaintiff is over the age of nineteen years.

5. The Defendant, Alabama Municipal Insurance Corporation (hereinafter "Defendant" or "AMIC"), is a mutual insurance company that provides insurance products, loss control, and risk management services for member municipalities of the Alabama League of Municipalities.

## III.  STATEMENT OF FACTS

### A.  Ms. Maltby's Gender Discrimination Claim

6. Ms. Maltby is a fifty (50) year old female.  On or about June 2001, Ms. Maltby began working for AMIC as a general administrative clerk, and around June 2002, Ms. Maltby was promoted to account manager in AMIC's sales department and served in this position until her termination.

7. Ms. Maltby avers that AMIC is a highly male-dominated office.  Mr. Steve Wells, President of AMIC, often bragged about his hunting accomplishments and other

male-dominated expeditions. Ms. Maltby was regularly not invited to participate in any business trips, including deep-sea fishing and an excursion to Las Vegas, which were trips the men of the office largely and separately enjoyed. Ms. Maltby asked why she was never asked to participate in such trips. The response of AMIC's representatives was that she "would not want to go on this (particular) trip," as though it was funny that she, as a single female, would even think about asking to attend. On the other hand, single male employees were allowed by AMIC to go on such trips.

8. Although Mr. Wells was married, he often flirtingly commented on Ms. Maltby's appearance, as well as the appearance of other younger, single female AMIC employees. No such comments were ever made about male employees, and this made Ms. Maltby uncomfortable. As a result, Ms. Maltby began trying to stay "under the radar," due to Mr. Wells' well-known ability to bully and victimize. However, since Ms. Maltby was often out in the field, Mr. Wells directed his attentions more towards other, younger single females in the office.

9. Mr. Wells persistently badgered Ms. Maltby about her love life, wanting to know all of the details about who she was dating. Ms. Maltby often tried to fend Mr. Wells off, and would sometimes give him the name of someone she was dating. Yet this only worsened the situation, causing Mr. Wells to show more interest in Ms. Maltby.

10. On June 5, 2019, AMIC notified Ms. Maltby by telephone that she was being terminated. At that time, Ms. Maltby was given no reason for her termination.

11. On the next day, June 6, 2019, Ms. Maltby's attorney, Julian McPhillips, was sent a "separation agreement and general release" by AMIC for Ms. Maltby to sign.

Shortly thereafter, Mr. McPhillips received an email from AMIC stating that Ms. Maltby's termination was due to her allegedly "spending unauthorized company money on meals while out-of-town maintaining and soliciting business for AMIC. "

12. Ms. Maltby avers that AMIC's proffered reason for her termination was, and is, pretextual. Ms. Maltby was actually entitled to be reimbursed by AMIC, especially since she was out on the road working for AMIC, either visiting existing customers to firm up continued clientele for AMIC, and/or seeking new business for AMIC.

13. Ms. Maltby was replaced by a male, namely Will Strength, who had no previous sales or insurance experience. Upon information and belief, at the time of his hire, Mr. Strength did not possess an insurance license, which was required to speak to clients.

14. Based on the foregoing, Ms. Maltby avers that she was terminated because of her female gender, in violation of Title VII, 42 U.S.C. § 2000(e). As a result of her termination, Ms. Maltby has lost income, suffered mental and emotional distress, and incurred costs and attorney's fees.

### B. Ms. Maltby's Retaliation Claim

15. On July 30, 2018, Ms. Maltby filed a charge of discrimination with the EEOC in Birmingham, Alabama against AMIC.

16. On or about March 1, 2019, Ms. Maltby received a 90-day right-to-sue from the EEOC on her July 30, 2018 charge, which gave her the right to pursue her claim in federal court.

17.     In late May 2019, while still within her right-to-sue period, Ms. Maltby spoke with AMIC individual board members (Chairman, Mayor Billy Jo Driver; Vice-Chairman, Mayor Melvin Duran; and Board Secretary, Ken Smith) and each reassured Plaintiff that her job was secure.

18.     Feeling reassured that she could maintain her employment without filing suit and would not suffer any retaliation for pursuing an EEOC claim against AMIC, Ms. Maltby declined to file suit and allowed her right-to-sue expire on or about May 30, 2019.

19.     Less than one week later, on June 5, 2019, in an obviously retaliatory move, AMIC notified Ms. Maltby by telephone that she was being terminated.  At that time, Ms. Maltby was given no reason for her termination.  However, it was obvious that AMIC had deliberately waited for the 90 day right-to-sue period to expire, so Ms. Maltby could not file suit against it, in a blatant act of retaliation against Ms. Maltby for filing an EEOC charge against AMIC.

20.     Accordingly, Ms. Maltby avers that she was terminated in retaliation, in violation of Title VII, for filing an EEOC charge against AMIC and participating in EEOC activities and proceedings pertaining to her charge that occurred in conjunction with, or after the filing of her EEOC charge, up and until the expiration of her right-to-sue on or about June 1, 2019.

21.     As a result of this blatant retaliation practiced against her, Ms. Maltby has lost substantial income and benefits.  In addition, Ms. Maltby has suffered mental anguish and incurred costs and attorney's fees.

### C.     Ms. Maltby's Equal Pay Act Claim

22.    At the time of her termination, Ms. Maltby was employed by AMIC in the position of account manager.

23.    AMIC also employed males Jim Chamblee, Jay Powell, and Mike Gardner in the position of account managers.

24.    In her position as account manager Ms. Maltby was responsible for entertaining clients and retaining business from city and utility boards.  Ms. Maltby also was a customer liaison between her clients and AMIC.

25.    Ms. Maltby avers that she had additional responsibilities which her male comparators did not have.  She hosted and organized more clerks' and mayors' luncheons than her comparators, took more agents to lunch than her male comparators, and was responsible for attending more conferences than her male comparators.  Nonetheless, Ms. Maltby was compensated significantly less than her male comparator account managers Chamblee, Powell, and Gardner, even though she performed more work for AMIC in her position as an account manager.

26.    AMIC has admitted in its September 6, 2018, response to the EEOC that "the other male associates do currently make more money than [Maltby]," but states that the disparity is "utterly unrelated to [Maltby's] sex" and based on their experience.  Ms. Maltby avers that AMIC's response is pretextual and the actual reason she was paid less is because of her female gender.

27.    Ms. Maltby avers that the disparity in pay between her as a female account manager, compared to the three male account managers named above, is in violation of

the Equal Pay Act.  As a result of AMIC's violation of the Equal Pay Act, Ms. Maltby has lost income.

## IV.  PLAINTIFF'S CAUSES OF ACTION

### COUNT ONE - GENDER DISCRIMINATION

28.  Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14 above, the same as if more fully set forth herein, and further avers that the Defendant's retaliatory actions toward her were an extension of the earlier practiced sex discrimination and thus violated her right to be free of gender discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e), et seq.), as amended by the 1991 Civil Rights Act.

29.  Plaintiff avers that she was a member of a protected class based on her female gender.  Plaintiff further avers that she was well-qualified for her position, and upon her termination, was replaced by a male candidate with less experience than her.

30.  As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her gender, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 14 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

31.  Plaintiff avers that she has pursued and exhausted her administrative remedies.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's gender;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of gender discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the gender discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## COUNT TWO - WRONGFUL RETALIATON

32. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 5 and 15 through 21 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e, et seq.), as amended by the 1991 Civil Rights Act.

33. As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in

paragraphs 15 through 21 above. In addition, Plaintiff has suffered considerable mental and emotional anguish.

34. Plaintiff avers that she has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Court grant the following relief:

a) A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff by terminating her employment after she engaged in a statutorily protected activity by participating in proceedings and activities that occurred in conjunction with or after the filing of a formal charge with the EEOC;

b) An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c) An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e) Such further, other and different relief as the Court may deem appropriate and necessary.

### COUNT THREE – VIOLATION OF THE EQUAL PAY ACT

35. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 5 and 22 through 27 above, the same as if more fully set forth herein.

36. Plaintiff alleges that she was employed by AMIC as an account manager.

37. Plaintiff avers that three male employees of AMIC, namely Jim Chamblee, Jay Powell, and Mike Gardner, were also employed in the same job classification as she was, but were paid more by AMIC.

38. Plaintiff avers that she not only was doing at least equal work to her male comparators, but that she actually had additional responsibilities that her male comparators did not have, all for the benefit of AMIC.

39. Plaintiff avers that her male comparators were paid more than her, even though they worked are classified as a manager like Plaintiff, in violation of the Equal Pay Act.

### **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court will, upon a final hearing of this cause, enter an order with the following provisions:

a) A judgment declaring that the Defendant has violated the Equal Pay Act by paying male employees, in the same position as Plaintiff, a higher pay;

b) An award of compensatory damages to which Plaintiff may be entitled;

c) An award of all court costs and reasonable attorneys' fees; and

    d)      Such further, other and different relief as the Court may deem appropriate and necessary.

## V.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 26th day of March, 2020.

                                  Kelley Maltby, Plaintiff

                                  /s/ Chase Estes
                                  Julian McPhillips (ASB-3744-L74J)
                                  Chase Estes (ASB-1089-F44L)
                                  Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 26th day of March 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF filing system, which will automatically serve the following counsel of record:

Alfred H. Perkins, Jr.
STARNES DAVIS FLORIE LLP
Seventh Floor, 100 Brookwood Place
Birmingham, AL 35209
aperkins@starneslaw.com

                                  /s/ Chase Estes
                                  OF COUNSEL